IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| APRIL M. FLORES, INDIVIDUALLY AND | § | |
| AS REPRESENTATIVE OF THE ESTATE | § | CIVIL ACTION NO. |
| OF RICARDO TREVINO III, DECEASED | § | |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF SAN BENITO, TEXAS, | § | |
| SAN BENITO POLICE DEPARTMENT, | § | |
| MICHAEL GALVAN, DAVID REBOLLADO | § | B – 20 – 169 |
| VICTOR ESPITIA, JOSE SANTOS, OSCAR | § | |
| LARA, MANUEL ALVAREZ, CAMERON | § | |
| COUNTY, TEXAS, CAMERON COUNTY | § | |
| CONSTABLE PCT 5, EDDIE SOLIS, | § | |
| JOSE ANGEL VILLARREAL AND CARLOS | § | |
| CORDOVA | § | **JURY REQUESTED** |

---

# MOTION TO DISMISS DEFENDANT DAVID REBOLLEDO

---

**J. Arnold Aguilar**
Attorney-in-Charge
State Bar No. 00936270
Federal Adm. No. 6822
arnold@aguilarzabartellc.com

**Francisco J. Zabarte**
Of Counsel
State Bar No. 22235300
Federal Adm. No. 10747
frank@aguilarzabartellc.com

AGUILAR★ZABARTE, LLC
Of Counsel
990 Marine Drive
Brownsville, Texas 78520
(956) 504-1100
(956) 504-1408 (fax)

**ATTORNEYS ON BEHALF OF
DEFENDANT DAVID REBOLLEDO**

## TABLE OF CONTENTS

Table of Authorities…………………………………………………………………iii

I.  Summary of the Argument.....................................................................................1

II. Statement of the Issues………………………………………………………....2

III. Factual Allegations………………………………………………………………...2

IV. Argument and Authorities……………………………………………………4

    A.  Rules 4(m) and 12(b)(2), (4) & (5) require dismissal because Flores did not
    serve Rebolledo timely, did not identify good cause for failing to do so,
    and did not provide substituted service as authorized by the Court……………..4

    B.  Standard of Review for Rule 12(B)(6) Motion to Dismiss ………………….…..8

    C.  Plaintiff has not identified facts to support a Fourth Amendment
    Unlawful Seizure claim……………………………………………………11

        1.  Unlawful Search and Seizure…………………………………………11

        2.  Wrongful Arrest…………………………………………………………12

    D.  Plaintiff may not pursue Fourteenth Amendment Due Process or
    Equal Protection claims arising out of an alleged unlawful seizure……………14

        1.  Plaintiff's allegations must be evaluated under standards set
        for the Fourth Amendment, not the Fourteenth………………………...14

        2.  Plaintiff has not identified facts to support an equal protection claim………15

    E.  The Texas Constitution does not authorize a claim for money damages……….16

VI. Conclusion and Prayer…………………………………………………………17

Certificate of Service……………………………………………………………19

# TABLE OF AUTHORITIES

**CASES**                                                              **PAGE**

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*,
635 F.2d 434 (5th Cir. 1981)………………………………………………6, 8

*Albright v. Oliver*,
510 U.S. 266, 114 S. Ct. 807 (1994)………………………………………...14

*Alcorn v. Vacksman*,
877 S.W.2d 390 (Tex. App.—Houston [1st Dist.] 1994, writ denied)…………………..17

*Allman v. Hanley*,
302 F.2d 559 (5th Cir. 1962)………………………………………………...6

*Arnold v. County of El Dorado*,
2011 U.S. Dist. LEXIS 135432 (E.D. Cal. Nov. 23, 2011)………………………….........11

*Ashcroft v. Iqbal*,
556 US 662, 129 S. Ct. 1937 (2009)………………………….................................8, 9, 10

*Bagg v. Univ. of Texas Medical Branch*,
726 S.W.2d 582 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.)………………16

*Baker v. McCollan*,
443 U.S. 137, 99 S. Ct. 2689 (1979)………………………….……………………13, 14

*Beecher v. Wallace*,
381 F.2d 372 (9th Cir. 1967)………………………………………………….6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007)…………………………………………8, 9, 10

*BeVier v. Hucal*,
806 F.2d 123 (5th Cir. 1986)………………………………………………...13

*Bolin v. Sears, Roebuck & Co.*,
231 F.3d 970 (5th Cir. 2000)………………………………………………...16

*Brooks v. Richardson*,
478 F. Supp. 793 (S.D.N.Y. 1979)………………………………………………..7

*Bryan v. City of Madison,*
213 F.3d 267 (5th Cir. 2000)……………………………………………………15

*Burgos v. Group & Pension Adm'rs, Inc.,*
286 F. Supp. 2d 812 (S.D. Tex. 2003)…………………………………………9

*Campbell v. City of San Antonio,*
43 F.3d 973 (5th Cir. 1995)……………………………………………………...10

*City & Cnty. of S.F. v. Sheehan,*
575 U.S. 600, 135 S. Ct. 1765 (2015)…………………………………………14

*City of Beaumont v. Bouillon,*
896 S.W.2d 143 (Tex. 1996)……………………………………………………16

*Club Retro LLC v. Hilton,*
568 F.3d 181 (5th Cir. 2009)……………………………………………...…12

*Colombo v. New York,*
405 U.S. 9, 92 S. Ct. 756 (1972)………………………………………………...7

*County of Sacramento v. Lewis,*
523 U.S. 833, 118 S. Ct. 1708 (1998)…………………….............................15

*Doe v. Silsbee Indep. Sch. Dist.,*
440 F. App'x 421 (5th Cir. 2011)……………………………………………..15

*Draper v. United States,*
358 U.S. 307, 79 S. Ct. 329 (1964)……………………..............................12

*Dunning v. Mississippi,*
No. 1:14cv123-KS-MTP, 2015 U.S. Dist. LEXIS 52806 (S.D. Miss. Apr. 22, 2015)…....4

*Elkins v. United States,*
364 U.S. 206, 80 S. Ct. 1437 (1960)……………………….……………………11

*Fernandez-Montez v. Allied Pilots Ass'n,*
987 F.2d 278 (5th Cir. 1993)……………………………………………………...8

*Garske v. United States,*
1 F.2d 620 (8th Cir. 1924)……………………………………………………11

*Gartin v. Par Pharm. Cos.*,
289 F. App'x 688 (5th Cir. 2008)……………………………………………………...6

*Graham* v. *Connor,*
490 U.S. 386, 109 S. Ct. 1865 (1989)…………………….......................................15

*Hawkins v. Potter*,
234 Fed. Appx. 188 (5th Cir. 2007)………………………………………………….4

*Heien* v. *North Carolina,*
574 U.S. 54, 135 S. Ct. 530 (2014)………………………………….............14

*Henry v. United States,*
361 U.S. 98, 80 S. Ct. 168 (1959)…………………………...........................13

*Illinois v. Gates*,
462 U.S. 213, 103 S. Ct. 2317 (1983)……………………...……………………13

*In re So. Scrap Material Co.*,
541 F.3d 584 (5th Cir. 2008)………………………………………………...9

*Int'l Shoe Co. v. Washington*,
326 U.S. 310, 66 S. Ct. 154 (1945)………………………………………………7

*Jones v. Ross*,
141 Tex. 415, 173 S.W.2d 1022 (1943)……………………………………………16

*Lacey v. Wing*,
360 F. Supp. 2d 31 (D.D.C. 2003)………………………………………………7, 8

*Mahone v. Addicks Util. Dist.*,
836 F.2d 921 (5th Cir. 1988)………………………………………………15

*Mangieri v. Clifton,*
9 F.3d 1012 (5th Cir. 1994)………………………………………....12

*Manuel v. City of Joliet*,
137 S. Ct. 911 (2017)………………………………………………15

*McKinney v. George,*
726 F.2d 1183 (7th Cir.1983)…………………………………………13

*Mikeska v. City of Galveston*,
451 F.3d 376 (5th Cir. 2006)………………………………………………………15

*Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306, 70 S. Ct. 652 (1950)………………………………………………8

*Naill v. Benavides*,
268 Fed. Appx. 355 (5th Cir. 2008)……………………………………..…13

*Newby v. Enron Corp.*,
284 F. App'x 146 (5th Cir. 2008)…………………………………………………5

*Norris v. Causey*,
869 F.3d 360 (5th Cir. 2017)………………………………………………...7

*Northrop v. Trippett*,
265 F.3d 372 (6th Cir. 2001)……………………………………………...…12

*Nottingham v. Warden, Bill Clements Unit*,
837 F.3d 438 (5th Cir. 2016)……………………………………………....6

*Park Nat'l Corp. v. BP Expl. & Prod. (In re Deepwater Horizon)*,
805 F. App'x 262 (5th Cir. 2020)…………………………………………………7

*Resendiz v. Miller*,
203 F.3d 902 (5th Cir.2000)…………………………………………………..12

*Sampson v. Giles*,
410 F. App'x 823 (5th Cir. 2011)…………………………………………………7

*Sappington v. Bartee*,
195 F.3d 234 (5th Cir. 1999)……………………………………………...…12

*Sauls v. Welch*,
2007 U.S. Dist. LEXIS 53711, 2007 WL 2254938 (N.D. Tex. 2007)………………...13

*Stearman v. Comm'r of Internal Revenue*,
436 F.3d 533 (5th Cir. 2006)…………………………………………………...7

*Sys. Signs Supplies v. United States Dep't of Justice*,
903 F.2d 1011 (5th Cir. 1990)………………………………………………………7

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*,
74 S.W.3d 849 (Tex. 2002)……………………………………………………………16

*Texas Educ. Agency v. Leeper*,
893 S.W.2d 432 (Tex. 1994)…………………….........................................16

*Texas Southern Univ. v. Araserve Campus Dining Servs. of Texas, Inc.*,
91 S.W.2d 929 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)…………………17

*Tuchman v. DSC Communications Corp.*,
14 F.3d 1061 (5th Cir. 1994)………………………………………………...……9

*United States v. Bradshaw*,
102 F.3d 204 (6th Cir. 1996)…………………………………………………...…13

*United States v. Cain*,
587 F.2d 678 (5th Cir.),
cert. denied, 440 U.S. 975, 99 S. Ct. 1543 (1979)……………………………………11

*United States v. Calandra*,
414 U.S. 338, 94 S. Ct. 613 (1974)…………………………….........................11

*United States v. Levine*,
80 F.3d 129 (5th Cir. 1996)……………………………………………...……12

*United States v. Preston*,
608 F.2d 626 (5th Cir. 1979)………………………………………………………12

*United States v. Sokolow*,
490 U.S. 1, 109 S. Ct. 1581 (1989)…………………………………………………12

*Van Deelen v. Cain*,
628 F. App'x 891 (5th Cir. 2015)…………………………………………….…14

*Vulcan Materials Co. v. City of Tehuacana*,
238 F.3d 382 (5th Cir. 2001)………………………………………………...8

*Warden, Md. Penitentiary v. Hayden*,
387 U. S. 294, 87 S. Ct. 1642 (1967)……………………………………………..14

*Wells v. Bonner*,
45 F.3d 90 (5th Cir.1995)……………………………………………………..13

*Wilson v. Birnberg,*
667 F.3d 591 (5th Cir. 2012)……………………………………………....…8

*World-Wide Volkswagen Corp.,*
444 U.S. 286, 100 S. Ct. 559 (1980)………………………………………………8

*Wright v. LBA Hosp.,*
754 F. App'x 298 (5th Cir. 2019)……………………………………………6

## RULES

FED. R. CIV. P. 8…………………………………………………………10

FED. R. CIV. P. 23…………………………………………………...16

## SECONDARY SOURCES

2A MOORE'S FEDERAL PRACTICE ¶ 1207…………………………….…………10

3 C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d § 1216……………..10

5A C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d §1357……………..9

# I.

## <u>SUMMARY OF THE ARGUMENT</u>

1.01   Plaintiff alleges claims against Defendant Rebolledo for the alleged use of excessive force and unlawful seizure of Trevino in violation of the Fourth Amendment, unlawful seizure and denial of equal protection in violation of the Fourteenth Amendment, and violation of the Texas Constitution, for which she seeks compensatory and punitive damages.  Plaintiff did not timely serve a summons on Rebolledo as Federal Rule of Civil Procedure 4(m) requires within 90, or even 200 days, however, and she has identified no good cause for that failure.  Although the Court allowed Plaintiff to effect alternative service of process by delivering a summons *to a person over sixteen at two different addresses*, Plaintiff only left a summons on a fence at one location and on the door of the other.  Pursuant to Rules 4(m) and 12(b)(2), (4) and (5), Plaintiff's claims should therefore be dismissed.

1.02   Should the Court not dismiss all claims against Rebolledo, the Court should at least dismiss all claims other than those for excessive force as previously determined by the Court for the remaining individual Defendants in the Orders of May 7 and 21 and June 9, 2021.  Plaintiff has not identified any actionable seizure in violation of the Fourth Amendment and she may not invoke the Fourteenth Amendment, rather than the Fourth, for that claim.  In addition, the Texas Constitution does not include any authority to pursue a claim for money damages, and such claims are barred.  Each of those claims should therefore be dismissed.

# II.

## STATEMENT OF THE ISSUES

1. Whether Plaintiff failed to timely serve Defendant Rebolledo with a summons?

   a. Whether Plaintiff identified good cause for failing to timely serve Defendant Rebolledo with a summons within 90 days of filing suit?

   b. Whether Plaintiff provided sufficient process or service of process in compliance with the Court's authorization for alternative service of process?

2. Whether Plaintiff identified any actionable seizure in violation of the Fourth Amendment?

3. Whether Plaintiff may invoke the Fourteenth Amendment due process clause to pursue an unlawful seizure claim?

4. Whether Plaintiff has identified facts to support an equal protection claim?

5. Whether the Texas Constitution authorizes a claim for money damages?

# III.

## FACTUAL ALLEGATIONS

3.01    Plaintiff's Original Complaint alleges that on December 7, 2018, Ricardo Trevino III's cousin saw him taking Tylenol at a church at which they had been volunteering and called the San Benito Police Department.  Plntf's Orig. Cmplt, Dkt No. 1, ¶ 19.  When officers arrived for a welfare check, Defendant Officers Victor Espitia, Jose Santos and Oscar Lara observed Trevino drive away and pursued him, though he was not accused of committing a crime, and Defendant Officers David Rebolledo and Manuel

Alvarez later joined in that pursuit as Trevino drove on Expressway 77, F.M. 732 and U.S. Highway 281. *Id.* Shortly thereafter, Defendant Cameron Deputy Constables and San Benito Police Chief Michael Galvan joined the pursuit. *Id.* at ¶¶ 20 & 21.

3.02    During the pursuit, Chief Galvan and the officers tried to force Trevino off the road and engaged in other maneuvers to stop Trevino, but he did not stop. *Id.* at ¶ 21. When Trevino reached the end of a cul-de-sac at Ranch Park Road, officers moved their vehicles to block Trevino's path, but when Trevino reversed his vehicle the officers shot and killed him. *Id.* at ¶¶ 22 & 23. Plaintiff contends the officers did not have probable cause to believe Trevino was committing a crime and did not pose a threat to the safety of the officers or others. *Id.* at ¶ 24.

3.03    Although Plaintiff filed suit on October 9, 2020, as of May 7, 2021, over 200 days later, she had still not served Defendant Rebolledo or provided any indication she had made any effort to do so. Order, Dkt No. 40. The Court therefore ordered her to show cause by May 21, 2021, as to why the Court should not dismiss the case for failure to timely effectuate service. *Id.* She provided no showing of good cause in response to that Order, but instead requested substituted service claiming she attempted service on six occasions, though none were after November 12, 2020. Motion for Substituted Service, Dkt No., 42.

3.04    The Court then allowed Plaintiff to serve Rebolledo with substitute service

"*by leaving a copy of the citation and of the petition with anyone older than sixteen at both*: 629 Rollingbrook Drive, Apt. 2114, Baytown, Texas, 77521 and 7272 Parker Ave., Olmito, Texas, 78575. *Substitute service must be completed at both addresses to be considered perfected*. Substitute service must be completed *no later than July 2, 2021*. Failure to complete substitute service by that date will result in the claims against Rebollado being dismissed without prejudice for failure to timely effectuate service."

Order, Dkt No. 43.  Plaintiff only "plac[ed] a copy attached to the front gate" at the Olmito address and "hung papers on door of Apartment 2114" at the Baytown address, but did not leave a copy with anyone older than sixteen at either address.  Rebolledo Return of Service - Olmito, Dkt No. 48; Rebolledo Return of Service - Baytown, Dkt No. 53.

## IV.

## ARGUMENT AND AUTHORITIES

A. **Rules 4(m) and 12(b)(2), (4) & (5) require dismissal because Flores did not serve Rebolledo timely, did not identify good cause for failing to do so, and did not provide substituted service as authorized by the Court.**

> 4.01  If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must dismiss the action* without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphasis added).  Plaintiff does not claim she timely served Defendant Rebolledo by January 7, 2021.  Rule 4(m) *requires* a district court to dismiss an action against a defendant if he is not served within 90 days of filing the complaint or alternatively order service within a specified time.  Likewise, Rules 12(b)(2), (4) and (5) provide for dismissal for lack of personal jurisdiction after insufficient process or service of process.  "Rule 4(m) applies whether service is nonexistent or merely defective."  *Dunning v. Mississippi*, No. 1:14cv123-KS-MTP, 2015 U.S. Dist. LEXIS 52806, at *8 (S.D. Miss. Apr. 22, 2015), *citing Hawkins v. Potter*, 234 Fed. Appx. 188, 190 (5th Cir. 2007).

4.02   The Court could extend the time for service only if Flores identified good cause for failing to serve Rebolledo timely.  To establish good cause,

> "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice….  In addition, some showing of good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified is normally required [and it] is irrelevant that the defendant not served [timely] later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the [allotted] days."

*Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (cleaned up).  Plaintiff made no effort to serve Rebolledo between November 12, 2020 and January 7, 2021, however, or over the following five months, and she provided no explanation or cause, much less any good cause, for failing to do so.

4.03   It was only after the Court raised the issue on its own and authorized substituted service that Plaintiff again made another minimal effort at service, but that effort was also deficient.  The Court allowed Plaintiff to serve Rebolledo by July 2, 2021 "b*y leaving a copy of the citation and of the petition with anyone older than sixteen at both*: 629 Rollingbrook Drive, Apt. 2114, Baytown, Texas, 77521 and 7272 Parker Ave., Olmito, Texas, 78575. *Substitute service must be completed at both addresses to be considered perfected.*"  Plaintiff failed to leave a copy of the citation and petition "with anyone older than sixteen" at either of those two addresses, however.  Instead, she only delivered citations "attached to the front gate" at the Olmito address and "on door of Apartment 2114" at the Baytown address, but did not leave a copy with anyone older than sixteen at

either address.  Rebolledo Return of Service - Olmito, Dkt No. 48; Rebolledo Return of Service - Baytown, Dkt No. 53.

4.04   Plaintiff ignored her Rule 4(m) duty to serve Rebolledo within 90 days and made no effort to serve him after November 2020.   "The purpose of process is to give the addressee notice of the proceeding against him. Thus service of process (in the absence of a voluntary appearance or a conscious waiver) is an indispensable prerequisite to the court's jurisdiction to proceed." *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967), *citing Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).  "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).  Where a plaintiff fails to serve a complaint timely, is ordered to serve a named defendant within 10 days and file proof of service within 14 days, and is warned that failure to comply will result in dismissal, a court does not abuse its discretion in dismissing a complaint for failing to comply with that court order.  *Wright v. LBA Hosp.*, 754 F. App'x 298, 299-300 (5th Cir. 2019).[1]

4.05   Plaintiff's actions and inactions reflect "a clear record of delay or contumacious conduct by the plaintiff [supporting dismissal] and … lesser sanctions would not serve the best interests of justice." *Nottingham v. Warden, Bill Clements*

---

[1] While a seven month delay in service of process, without more, can support dismissal (*see, e.g., Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 694 (5th Cir. 2008) (per curiam)) that is not the only factor that may be considered by the courts.

*Unit*, 837 F.3d 438, 441 (5th Cir. 2016). "[T]his Court has defined [contumacious conduct] as 'stubborn resistance to authority.'" *Sampson v. Giles*, 410 F. App'x 823, 825 (5th Cir. 2011), *quoting Stearman v. Comm'r of Internal Revenue*, 436 F.3d 533, 537 (5th Cir. 2006). Contumacious conduct includes the willful disobedience of a court order, which can include the refusal to follow a court's order or direction. *See Colombo v. New York*, 405 U.S. 9, 10, 92 S. Ct. 756, 756 (1972); *Park Nat'l Corp. v. BP Expl. & Prod. (In re Deepwater Horizon)*, 805 F. App'x 262, 265 (5th Cir. 2020).

4.06    Because Rebolledo was not properly served with process in this action or within 90 days of Plaintiff's filing suit or as otherwise allowed by the Court, the Court does not have personal jurisdiction over Rebolledo and the claims against him should also be dismissed pursuant to Rules 12(b)(2), (4) & (5).  "Deficient service means a court lacked personal jurisdiction over a defendant…." *Norris v. Causey*, 869 F.3d 360, 368 (5th Cir. 2017).  *See also Brooks v. Richardson*, 478 F. Supp. 793, 795 (S.D.N.Y. 1979) ("[S]ince [plaintiff] was never properly served with process, this Court lacks personal jurisdiction."). "When service of process is challenged, the serving party bears the burden of proving its validity…." *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (improper service of process supported dismissal of claim for failure to serve timely).  "[W]ithout proper notice, the defendants cannot be subjected to the personal jurisdiction of the court." *Lacey v. Wing*, 360 F. Supp. 2d 31, 35 (D.D.C. 2003), *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S. Ct. 154, 160 (1945).

4.07    "If defendants are not properly served, they have no ability to defend themselves, and adjudicating claims against them would deny them their due process right

to notice and an opportunity to be heard." *Lacey*, 360 F. Supp. 2d at 35, *citing World-Wide Volkswagen Corp.*, 444 U.S. 286, 100 S. Ct. 559 (1980); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652 (1950). Thus, "a district court may not use its power to impose sanctions under Fed. R. Civ. P. 37 to declare a waiver of the procedural prerequisites to the exercise of its jurisdiction." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 436 (5th Cir. 1981). Plaintiff's claims against Rebolledo should therefore be dismissed.

## B.     Standard of Review for Rule 12(b)(6) Motion to Dismiss

4.08    Before an Answer has been filed, the proper mechanism for challenging the claims made is through Federal Rule of Civil Procedure 12(b)(6). At this stage, the Court must limit its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg,* 667 F.3d 591, 600 (5th Cir. 2012). Although the Court must accept as true all of the Plaintiff's well-pled allegations, "[t]o survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678, 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

4.09    The Court need not accept at face value any factually unsupported legal conclusions, however. *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). *See also Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001). The Court is not required to

accept ultimate conclusions that do not flow from the factual description of the case. *Id.,* 238 F.3d at 388, *citing* 5A C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d §1357, at 319-20 (1990). *See also Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) ("In order to avoid dismissal for failure to state a claim ... a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact."); *Burgos v. Group & Pension Adm'rs, Inc.,* 286 F. Supp. 2d 812, 814-15 (S.D. Tex. 2003).

4.10 "Factual allegations must be enough to raise a right to relief above the speculative level, … [and not simply] create[] a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

4.11 In evaluating a Complaint, Courts must undertake the "context-specific" task of evaluating whether the well pleaded allegations give rise to an entitlement of relief that is plausible, rather than merely possible or conceivable, with "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re So. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir. 2008).

"Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1950, *quoting Twombly*, 550 U.S. at 555 & FED. R. CIV. P. 8(a)(2).

4.12    The plausibility standard concerns the factual allegations of a complaint. "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn under the relevant legal theory." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995), *quoting* 3 C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d § 1216, at 156-59). Thus, dismissal is proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id., quoting* 2A MOORE'S FEDERAL PRACTICE ¶ 1207, at 12-91.

**C.** **Plaintiff has not identified facts to support a Fourth Amendment Unlawful Seizure claim.[2]**

4.13    The Fourth Amendment protects against the unconstitutional search and seizure of evidence, arrest of persons, and use of force in any search or arrest.  U.S. CONST. amend. IV.  Standards of review for each of those claims are separate and distinct, however.

**1.** **Unlawful Search and Seizure**

4.14    Claims of unlawful search and seizure are generally raised to challenge the collection by state or federal agents *of evidence* that was gathered without authority of law.  *See generally, Elkins v. United States*, 364 U.S. 206, 80 S. Ct. 1437 (1960).  *See also, United States v. Calandra*, 414 U.S. 338, 354-55, 94 S. Ct. 613, 623 (1974); *United States v. Cain*, 587 F.2d 678, 680 (5th Cir.), cert. denied, 440 U.S. 975, 99 S. Ct. 1543 (1979).  "The constitutional provision referred to against search and seizure has reference to general searches for the purpose of obtaining evidence…."  *Garske v. United States*, 1 F.2d 620, 622 (8th Cir. 1924).  "[A]n unreasonable seizure [of a person] is part and parcel of a wrongful arrest claim under the Fourth Amendment."  *Arnold v. County of El Dorado*, 2011 U.S. Dist. LEXIS 135432, p.7 (E.D. Cal. Nov. 23, 2011).  Claims of unlawful search and seizure therefore apply to allegations that *evidence* was collected without authority,

---

[2] Defendant would refer the Court to the Magistrate's Report and Recommendation (Dkt No. 41) subsequently adopted by the Court (Dkt No. 44) in support of dismissal of Plaintiff's Fourth Amendment Unlawful Search and Seizure and Wrongful Arrest claims, Fourteenth Amendment Due Process and Equal Protection claims, and claims for violation of the Texas Constitution. Defendant Rebolledo now presents the same arguments previously submitted by Defendants Espitia, Santos, Lara and Alvarez that supported the dismissal of those claims against those Defendants.

while any claim of unlawful seizure of Trevino should be analyzed under a claim of false or wrongful arrest.

### 2. <u>**Wrongful Arrest**</u>

4.15    "The constitutional claim of false arrest requires a showing of no probable cause." *Club Retro LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).  "The right to be free from arrest without probable cause is a clearly established constitutional right." *Mangieri v. Clifton,* 29 F.3d 1012, 1016 (5th Cir. 1994).  For a false arrest claim, each Plaintiff must provide evidence to establish that *each Defendant*, rather than some other person, *actually arrested him or her*.  *See Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999).

4.16    Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient to cause a reasonable person to conclude that the suspect committed the offense.  *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996).  "Probable cause to arrest exists 'where the facts and circumstances within (the arresting officer's) knowledge and of which [he] had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed."  *United States v. Preston*, 608 F.2d 626, 632 (5th Cir. 1979), quoting *Draper v. United States*, 358 U.S. 307, 313, 79 S. Ct. 329 (1964).  *See also Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir.2000).

4.17    A police officer has probable cause if there is a "'fair probability' that the individual [to be arrested] has either committed or intends to commit a crime." *Northrop v. Trippett,* 265 F.3d 372, 379 (6th Cir. 2001), *quoting United States v. Sokolow,* 490 U.S.

1, 7, 109 S. Ct. 1581 (1989). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13, 103 S. Ct. 2317 (1983). "If there was probable cause for any of the charges made … then the arrest was supported by probable cause, and the claim for false arrest fails." *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995).

4.18   An officer is not required to reach exactitude in determining whether a violation has occurred. "[A]n arrest is not unconstitutional merely because the information relied upon by the officer later turns out to be wrong." *Sauls v. Welch*, 2007 U.S. Dist. LEXIS 53711, 2007 WL 2254938, at *7 (N.D. Tex. 2007); *BeVier v. Hucal*, 806 F.2d 123, 126 (5th Cir. 1986). "Evidence required to establish guilt is not necessary." *Henry v. United States,* 361 U.S. 98, 102, 80 S. Ct. 168 (1959). *See McKinney v. George,* 726 F.2d 1183, 1187 (7th Cir.1983). The Constitution does not guarantee that only the guilty will be arrested. *Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689 (1979).

4.19   In addition, suspects may be temporarily detained because of concerns for safety, which does not constitute an actual arrest. Detaining a suspect because of safety concerns of the officer is a "legitimate exercise of valid routine police procedure." *United States v. Bradshaw*, 102 F.3d 204, 212 (6th Cir. 1996). To that end, an officer is "entitled to temporarily detain [a suspect] to preserve the status quo for safety reasons until the intentions of the [suspect] could be sorted out." *Naill v. Benavides*, 268 Fed. Appx. 355, 357 (5th Cir. 2008). "The Fourth Amendment standard is reasonableness, and it is reasonable for police to move quickly if delay 'would gravely endanger their lives

or the lives of others.' This is true even when, judged with the benefit of hindsight, the officers may have made 'some mistakes.'" *City & Cnty. of S.F. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765, 1775 (2015), *quoting Warden, Md. Penitentiary* v. *Hayden*, 387 U. S. 294, 298-299, 87 S. Ct. 1642 (1967) & *Heien* v. *North Carolina*, 574 U.S. 54, 61, 135 S. Ct. 530, 536 (2014).

4.20 Although Plaintiff alleges the force used in attempting to detain Trevino was excessive, she has not identified any facts to support a claim that Trevino was arrested, that each individual Officer arrested him, or that such arrest was without probable cause. Plaintiff's unlawful seizure claim should therefore be dismissed.

**D. Plaintiff may not pursue Fourteenth Amendment Due Process or Equal Protection claims arising out of an alleged unlawful seizure.**

**1. Plaintiff's allegations must be evaluated under standards set for the Fourth Amendment, not the Fourteenth.**

4.21 It is the *Fourth* Amendment that provides the standard for evaluation of a wrongful search, seizure or detention claim, not the Fourteenth. *Baker*, 443 U.S. at 144, 99 S. Ct. at 2694. Plaintiff cannot repackage a Fourth Amendment claim to establish a Fourteenth Amendment due process violation. *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807 (1994); *Van Deelen v. Cain*, 628 F. App'x 891, 897 (5th Cir. 2015). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these

claims.'" *Id.,* 510 U.S. at 273, 114 S. Ct. at 813, *quoting Graham* v. *Connor,* 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989).  *See Manuel v. City of Joliet*, 137 S. Ct. 911, 918 (2017); *County of Sacramento v. Lewis*, 523 U.S. 833, 842-43, 118 S. Ct. 1708, 1714-16 (1998).

## 2.  Plaintiff has not identified facts to support an equal protection claim.

4.22  An equal protection challenge … focuses on three separate elements. First, the classification. Second, the purpose which the classification is designed to serve. And third, the "fit" between the classification and the purpose; that is, whether the state could rationally determine that by distinguishing among persons as it has, the state could accomplish its legitimate purpose.

*Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 933 (5th Cir. 1988).  "As a prerequisite to such a claim, Plaintiff must prove that similarly situated individuals were treated differently." *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000).  She must also establish each defendant had a discriminatory intent or purpose in providing that differential treatment.  *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 426 (5th Cir. 2011).  "[A]n equal protection claim asks whether a justification exists for the *differential* exercise of that power." *Mikeska v. City of Galveston*, 451 F.3d 376, 381 (5th Cir. 2006). In addition, "a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Bryan*, 213 F.3d at 277.

4.23  Plaintiff identified no facts to support an independent Fourteenth Amendment claim, rather than a separate Fourth Amendment claim for excessive force. Her Fourteenth Amendment due process and equal protection claims should therefore be dismissed.

**E.     The Texas Constitution does not authorize a claim for money damages.**

4.24    Plaintiff alleges violation of Trevino's rights protected by the Texas Constitution, for which she seeks recovery of money damages. Plntf's Orig. Cmplt, Dkt No. 1, ¶¶ 4, 81, 107 & Prayer.  "Private parties may [only] seek declaratory relief against state officials who allegedly act without legal or statutory authority," in order to compel legal action.  *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).  *See also Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). "Suits to compel state officers to act within their official capacity do not attempt to subject the State to liability," however, and Plaintiff therefore may not recover money damages for such claims.  *IT-Davy*, 74 S.W.3d at 856.  As with class action certifications, however, "injunctive or declaratory relief is not 'appropriate' when the 'final relief relates exclusively or predominantly to money damages.'"  *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975 (5th Cir. 2000), *quoting* Fed. R. Civ. P. 23(b)(2).

4.25    Plaintiff has provided no authority that would support a claim for damages under the Texas Constitution against Defendant.  To the contrary, the Texas Supreme Court has explained that at the time the Constitution was written, its framers did not intend to provide an implied private right of action for damages for the violation of constitutional rights.  *City of Beaumont v. Bouillon*, 896 S.W.2d 143, 148 (Tex. 1996), *citing Jones v. Ross*, 141 Tex. 415, 173 S.W.2d 1022, 1024 (1943).  A suit seeking compensation for damages or compensation in money for loss or injury is prohibited.  *Id*. at 149.  In short, "[t]here is no state constitutional tort."  *Id.*, *quoting Bagg v. Univ. of Texas Medical Branch*, 726 S.W.2d 582 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

4.26    Though Plaintiff seeks monetary damages for all their causes of action, she does not distinguish the amount of damages claimed for any particular cause of action. Plntf's Orig. Cmplt, Dkt No. 1, ¶¶ 107 & Prayer.  Where a plaintiff seeks monetary damages for the alleged violation of state constitutional rights, Texas courts will grant a plea to the jurisdiction or a motion for summary judgment based on those claims.  *Texas Southern Univ. v. Araserve Campus Dining Servs. of Texas, Inc*., 91 S.W.2d 929, 935 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).  Plaintiff does not distinguish for which claims she seeks monetary damages, including whether she seeks such damages for any alleged violations of the Texas Constitution.  She therefore has not submitted a proper claim.  *Alcorn v. Vacksman*, 877 S.W.2d 390, 404 (Tex. App.—Houston [1st Dist.] 1994, writ denied).  To the extent Plaintiff is pursuing a claim for money damages for violation of the Texas Constitution, she has no legal authority to pursue such a claim, and it should therefore be dismissed.

## V.

## CONCLUSION AND PRAYER

5.01    Because Plaintiff did not timely serve a summons on Defendant Rebolledo, identify good cause for that failure, or comply with the Court's order authorizing service, Plaintiff's claims should be dismissed.   In the alternative, because Plaintiff has not identified facts to support a Fourth Amendment Unlawful Seizure claim, authority to pursue a Fourteenth Amendment due process or equal protection claim arising out of an alleged unlawful seizure, or a claim for money damages under the Texas Constitution, those claims must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant **DAVID REBOLLEDO** would respectfully request that Plaintiff's claims against Defendant Rebolledo be dismissed in their entirety, or in the alternative that Plaintiff's Fourth Amendment Unlawful Seizure claims, Fourteenth Amendment due process and equal protection claims, and claims of alleged violation of the Texas Constitution, be dismissed for failure to state a claim upon which relief can be granted, and that Defendant be granted such other and further relief to which he may show himself to be justly entitled, whether general or special, at law and in equity.

Respectfully submitted,

*/ s / J. Arnold Aguilar*
J. Arnold Aguilar
Attorney-in-Charge
State Bar No. 00936270
Federal Adm. No. 6822
arnold@aguilarzabartellc.com

*/ s / Francisco J. Zabarte*
Francisco J. Zabarte
Of Counsel
State Bar No. 22235300
Federal Adm. No. 10747
email: frank@aguilarzabartellc.com

AGUILAR★ZABARTE, LLC
Of Counsel
990 Marine Drive
Brownsville, Texas 78520
(956) 504-1100
(956) 504-1408 (fax)

Attorneys for Defendant
**DAVID REBOLLEDO**

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT'S MOTION TO DISMISS** will on this the 7th day of July, 2021, be automatically accomplished through the Notice of Electronic Filing upon the following:

John T. Blaylock
P.O. Box 390
Harlingen, Texas  78551
blaylockjohnlaw@yahoo.com

Ricardo J. Navarro
rjnavarro@rampagelaw.com
John-Michael Wyman Hayward
jmhayward@rampagelaw.com
DENTON NAVARRO ROCHA
  BERNAL & ZECH
701 E. Harrison St., Ste 100
Harlingen, TX  78550

Juan Antonio Gonzalez
Civil Legal Division
1100 E. Monroe St., Room 222
Brownsville, TX  78520
juan.gonzalez@co.cameron.tx.us

Daniel Nemecio Lopez
Commissioners Court
Legal Division
1100 E. Monroe St.
Brownsville, TX  78520
daniel.n.lopez@co.cameron.tx.us


*/ s /*   *J. Arnold Aguilar*
          J. Arnold Aguilar