Case 1:20-cv-00169 Document 57 Filed on 07/12/21 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 12, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| APRIL M. FLORES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-169 |
| | § | |
| CITY OF SAN BENITO, TEXAS, et al., | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 9, 2020, April M. Flores, both in her capacity as the mother of Ricardo Trevino III and as the representative of his estate, filed suit in this Court. Dkt. No. 1. Trevino was killed in a police shooting after a vehicular chase. Flores sued San Benito Police Chief Michael Galvan and San Benito police officers David Rebollado, Victor Espitia, Jose Santos, Oscar Lara, and Manuel Alvarez. Id. Additionally, Flores has sued Cameron County Constable Eddie Solis and deputy constables Jose Angel Villarreal and Carlos Cordova. Id. Flores raised claims of unlawful seizure/false arrest as well as excessive force against all of the officers. Flores also sued the City of San Benito and Cameron County on theories of municipal liability, for failure to train and supervise the officers. Id.

The Court resolved many of these claims in a prior report and recommendation, which was adopted without objection. Dkt. Nos. 41, 44.

As relevant here, on December 21, 2020, Defendants Carlos Cordova and Jose Angel Villarreal filed a motion to dismiss, invoking the protections of qualified immunity. Dkt. No. 29. The Court previously deferred ruling on whether Cordova and Villarreal were entitled to qualified immunity for the claim of excessive force, finding that further factual development was necessary. Dkt. No. 39. Flores has provided those factual developments, allowing the Court to make an informed ruling. Dkt. No. 52.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss filed by Cordova and Villarreal be granted in part and denied in part.

1

Cordova is entitled to qualified immunity for his actions, while Villarreal is not, based on when they fired shots at Trevino.

## I. Background

### A. Factual Background

Cordova and Villarreal are deputy constables for Cameron County. Dkt. No. 1. The complaint states that Ricardo Trevino III was leading San Benito police officers on a chase when word of that chase was broadcast to Cordova and Villarreal. Dkt. No. 1, p. 8. With their supervisor's permission, Cordova and Villarreal joined the chase. Id.

Trevino drove his vehicle down Ranch Park Road, which is a cul-de-sac. Dkt. No. 1, p. 9. When he reached the end of the cul-de-sac, he turned the vehicle around and attempted to escape. Id. Villareal and a San Benito police officer had positioned their police vehicles facing each other in the road, to block Trevino's vehicle from being able to escape the cul-de-sac. Id.

Trevino "attempted to move out of the cul-de-sac through an opening between the vehicles." Dkt. No. 1, p. 9. San Benito police chief Michael Galvan moved his vehicle to block that opening, striking Trevino's vehicle. Id. As Trevino put his vehicle in reverse, police officers began shooting at him; Trevino's vehicle went into a ditch. Id. Officers continued to shoot at Trevino even after he put the car in park. Id. The complaint stated that officers continued to shoot even though Trevino "had fully retreated from all officers" and "had even raised up his hands." Id. In an additional brief, Flores pleads that Villarreal and San Benito police officer David Rebollado "shot at Ricardo Trevino III when he had fully retreated from all officers." Dkt. No. 52, p. 4. Flores does not plead that Cordova shot at Trevino after he had retreated. Thus, there is a marked difference in the actions taken by Villarreal versus the ones taken by Cordova.

The officers fired 31 total shots, striking Trevino 12 times in the "head, face and torso." Dkt. No. 1, p. 9. Trevino died from his injuries.

### B. Procedural History

On October 9, 2020, April M. Flores, both in her capacity as Trevino's mother and as the representative of his estate, filed suit in this Court. Dkt. No. 1. As relevant here, Flores sued Villarreal and Cordova for use of excessive force against Trevino.

On December 21, 2020, both Villarreal and Cordova filed a motion to dismiss. Dkt. No. 29. Villarreal and Cordova invoked the protections of qualified immunity. Id.

On January 4, 2021, Flores filed a response. Dkt. No. 31. In her response, Flores asserts that she has pled sufficient facts to show that Villarreal and Cordova are not entitled to qualified immunity. Id.

On May 7, 2021, the Court ordered Flores to file an additional brief, pursuant to Fed. R. Civ. P. 7(a) & Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995). Dkt. No. 39. Flores was ordered to set out sufficient facts to permit the Court to rule on the defense of qualified immunity. Id.

On June 30, 2021, Flores filed the additional brief, affirmatively asserting that it was Villarreal and Rebollado who shot at Trevino even after he had retreated. Dkt. No. 52. However, the brief did not identify Cordova as an officer who fired shots after Trevino retreated. Id., p. 3 ("Villarreal and Rebollado shot at Trevino multiple times while he was retreating") & p. 4 ("Defendant Jose Angel Villarreal and Defendant David Rebollado shot at Ricardo Trevino III when he had fully retreated from all officers and posed no danger to them or the public at large").

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall

>not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### B. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

4

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**C. Qualified Immunity**

Qualified immunity protects "government officials performing discretionary functions" from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "'One of the most salient benefits of qualified immunity is protection from pre-trial discovery.'" Zapata v. Melson, 750 F.3d 481, 484-85 (5th Cir. 2014) (quoting Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012)).

If a defendant claims qualified immunity, the burden shifts to the plaintiff to establish the inapplicability of that defense. Terwilliger v. Reyna, — F.4d —, — 2021 WL 2850052, at *3 (5th Cir. July 8, 2021) (citing Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009)). To survive a claim of qualified immunity – in a motion to dismiss under FED. R. CIV. P. 12(b)(6) – the plaintiff must have pled "specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss." Geter v. Fortenberry, 849 F.2d 1550, 1553 (5th Cir. 1988); Cobb v. City of Harahan, 516 Fed. App'x. 337, 340 (5th Cir. 2013) (unpubl.) (citing Geter).

The two-part test for qualified immunity requires the Court to determine: (1) whether defendants' actions violated the plaintiff's constitutional rights; and (2) whether those rights were clearly established at the time of the defendant's actions. Pearson v. Callahan, 555 U.S. 223 (2009).

**D. Excessive Force**

"To establish the use of excessive force in violation of the Constitution, a plaintiff must prove: (1) injury, (2) which resulted directly and only from a use of force that was

5

clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Elizondo v. Green, 671 F.3d 506, 510 (5th Cir. 2012).

In determining whether the use of force was excessive and unreasonable, the Court is to be guided by "the facts and circumstances of each particular case." Graham v. Connor, 490 U.S. 386, 396 (1989). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Id. The "reasonableness" of a particular use of force must be judged from the perspective of "a reasonable officer on the scene," rather than with the 20/20 vision of hindsight. Id.

**III. Analysis**

In analyzing whether Flores has pled facts that would overcome qualified immunity, the Court looks to the elements of the claim. Clearly, Trevino suffered an injury that resulted from the use of force, namely the shooting. The question is whether the force was obviously excessive and unreasonable. Elizondo, 671 F.3d at 510.

At the time that Trevino attempted to use his car as a battering ram to escape the cul-de-sac, officers were justified in using deadly force against him. Courts have repeatedly found that officers are justified in using deadly force when a suspect uses his vehicle as a weapon against other officers or citizens. Plumhoff v. Rickard, 572 U.S. 765, 776 (2014); Brosseau v. Haugen, 543 U.S. 194, 200 (2004); Malbrough v. Stelly, 814 F. App'x 798, 806 (5th Cir. 2020). Thus, any officer who fired at Trevino at that point would be entitled to qualified immunity.

However, Flores has pled that Trevino's car stopped in a ditch, and he placed the vehicle in park, and he raised his hands in surrender, but Villarreal and Rebollado continued to fire shots at him. If true, these facts would show that the force was excessive and unreasonable. In Plumhoff, officers fired on a car that was leading them on a high-speed chase, posing a serious risk of harm to officers and bystanders. The Supreme Court found that the officers acted reasonably in using deadly force to end that risk. The Supreme Court noted that, "[t]his would be a different case if petitioners had initiated a second round of shots after an initial round had clearly incapacitated [the driver] and had ended any threat

6

of continued flight, or if [the driver] had clearly given himself up." Plumhoff, 572 U.S. at 777. According to the complaint, this is that different case.

The Fifth Circuit has found that qualified immunity may apply to some shots fired by police in a single incident, but not every shot. In Mason v. Lafayette City-Par. Consol. Gov't, 806 F.3d 268, 274 (5th Cir. 2015), the evidence showed that the suspect was shot seven times, but that he was possibly incapacitated after five shots, likewise transforming the last two shots into an unreasonable use of force. The Fifth Circuit found that the officer was not entitled to qualified immunity as to the final two shots. Id.

In order to rule on the qualified immunity defense, the Court must examine the complaint for "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." Floyd v. City of Kenner, La., 351 F. App'x 890, 893 (5th Cir. 2009).

Flores has pled that Villarreal continued to fire shots at Trevino, even after his car had reversed into a ditch; after he had placed the vehicle in park; and after he raised his hands in surrender. Dkt. No. 1, p. 9; Dkt. No. 52, pp. 3-4. At that moment, there was no justification for the use of deadly force against Trevino. Those shots violated Trevino's right to be free of the use of excessive force and those rights were clearly established at the time of the shooting. Plumhoff, 572 U.S. at 777; Mason, 806 F.3d at 274. Under the facts as pled, Villarreal is not entitled to qualified immunity.

Conversely, Flores has pled no facts showing that Cordova used deadly force against Trevino after he had surrendered. Dkt. No. 1, p. 9; Dkt. No. 52, pp. 3-4. There is no basis in the record from which the Court can conclude that Cordova violated Trevino's clearly established constitutional rights. Flores has not pled facts that overcome the invocation of qualified immunity, thus entitling Cordova to the protections of qualified immunity.

**IV. Recommendation**

It is recommended that the motion to dismiss filed by Carlos Cordova and Jose Angel Villarreal be granted in part and denied in part.

As to Carlos Cordova, the motion to dismiss should be granted on the basis that he is entitled to qualified immunity.

As to Jose Angel Villarreal, the motion to dismiss should be denied. Under the facts as pled, he is not entitled to qualified immunity.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on July 12, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge