United States District Court
Southern District of Texas
**ENTERED**
September 24, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APRIL M. FLORES,                             §
      Plaintiff,                         §
                                         §
v.                                           §   CIVIL ACTION NO. 1:20-cv-169
                                         §
CITY OF SAN BENITO, TEXAS, et al., §
      Defendants.                        §

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 9, 2020, April M. Flores, both in her capacity as the mother of Ricardo Trevino III and as the representative of his estate, filed suit in this Court. Dkt. No. 1. Trevino was killed in a police shooting after a vehicular chase. Flores sued San Benito Police Chief Michael Galvan and San Benito police officers David Rebolledo, Victor Espitia, Jose Santos, Oscar Lara, and Manuel Alvarez. Id. Additionally, Flores has sued Cameron County Constable Eddie Solis and deputy constables Jose Angel Villarreal and Carlos Cordova. Id. Flores raised claims of unlawful seizure/false arrest as well as excessive force against all of the officers. Flores also sued the City of San Benito and Cameron County on theories of municipal liability, for failure to train and supervise the officers. Id.

On July 7, 2021, Rebolledo filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), arguing that he was not properly served, and that Flores has not stated a claim to relief against him as to unlawful seizure/false arrest. Dkt. No. 56.[1] The motion has been fully briefed. Dkt. Nos. 61, 62.

After reviewing the record and the relevant caselaw, it is recommended that the motion to dismiss filed by Rebolledo be granted. The claim of unlawful seizure/false arrest should be dismissed for failure to state a claim upon which relief can be granted. The

---

[1] The claims against the other defendants have been addressed in previous Reports and Recommendations. Dkt. Nos. 41, 44, 57, 60

claims of excessive force should be conditionally dismissed with prejudice for failure to timely and properly serve Rebolledo.

## I. Background

### A. Factual Background

On December 7, 2018, Ricardo Trevino III and his cousin were volunteering at Templo Bethesda Church in San Benito, Texas. Dkt. No. 1, p. 7.  Trevino was still recovering from injuries suffered in a recent motor vehicle accident and purportedly took some Tylenol to relieve his pain. Id.  His cousin witnessed Trevino taking the Tylenol and called the San Benito Police Department, for reasons that are not apparent from the complaint. Id.

Police officers Victor Espitia and Jose Santos were dispatched to the church to conduct a welfare check on Trevino, while Officer Oscar Lara arrived as backup. Dkt. No. 1, pp. 7-8.  When the officers arrived, Trevino drove away from the church. Id.  The complaint stated that Trevino "had not been accused of committing a crime or doing anything illegal, had no criminal history [nor was he] … carrying a weapon." Id.  Espitia, Santos and Lara pursued Trevino's vehicle.  At a later point, Officers David Rebolledo and Manuel Alvarez joined the pursuit. Id.  No explanation is offered as to why they joined the pursuit. San Benito Police Chief Michael Galvan also joined the pursuit, even though he was off duty at the time. Id.

Cameron County Constable Pct. 5 Deputies Jose Angel Villarreal and Carlos Cordova heard about the chase and joined in the pursuit "even though they were many miles from the scene." Dkt. No. 1, p. 8.  Constable Eddie Solis gave Villarreal and Cordova "permission to join the pursuit without conferring with [San Benito police]." Id.

Trevino drove his vehicle down Ranch Park Road, which is a cul-de-sac. Dkt. No. 1, p. 9.  When he reached the end of the cul-de-sac, he turned the vehicle around and attempted to escape. Id.  Rebolledo and Villareal had positioned their police vehicles facing each other in the road, so as to block Trevino's vehicle from being able to escape the cul-de-sac. Id.

Trevino "attempted to move out of the cul-de-sac through an opening between the vehicles." Dkt. No. 1, p. 9. Galvan moved his vehicle to block that opening, striking Trevino's vehicle. Id. As Trevino put his vehicle in reverse, police officers began shooting at him; Trevino's vehicle went into a ditch. Id. Officers continued to shoot at Trevino even after he put the car in park. Id. The complaint stated that officers continued to shoot even though Trevino "had fully retreated from all officers" and "had even raised up his hands." Id. Flores has pled that Rebolledo was one of the officers who fired shots at Trevino even after he had retreated and raised his hands. Dkt. No. 52, p. 4.

The officers fired 31 total shots, striking Trevino 12 times in the "head, face and torso." Dkt. No. 1, p. 9. Trevino died from his injuries on that same date, December 7, 2018.

**B. Procedural Background**

On October 9, 2020, April M. Flores, both in her capacity as Trevino's mother and as the representative of his estate, filed suit in this Court. Dkt. No. 1. Flores sued Galvan, Rebolledo, Espitia, Santos, Lara, Alvarez, Solis, Villarreal, and Cordova in their individual and official capacities. She also sued the City of San Benito and Cameron County on theories of municipal liability. Id.

As to the individual defendants, Flores claims that they used excessive force against Trevino and unlawfully seized him. Dkt. No. 1. As to the municipal defendants, Flores claims that both San Benito and Cameron County failed to adequately train their officers on proper use of force and proper tactics to use in vehicle pursuits. Id.

As to all defendants, Flores seeks punitive and exemplary damages. Dkt. No. 1, p. 23.

On May 7, 2021, the Court noted that more than 120 days had passed since the case began and Rebolledo had not been served. Dkt. No. 40. The Court ordered Flores to show cause no later than May 21, 2021, as to why the Court should not dismiss the case without prejudice to refiling as to Rebolledo for failure to timely effectuate service. Id.

On May 21, 2021, Flores filed a motion seeking authorization for substitute service on Rebolledo. Dkt. No. 42. Flores sought to serve Rebolledo by either leaving a copy of

the complaint and summons with someone over the age of 16 or by affixing a copy of the complaint and summons to the door at an address in Baytown, Texas.

On that same day, the Court granted a motion authorizing substitute service as follows:

> The Plaintiff may serve David Rebolledo by leaving a copy of the citation and of the petition <u>with anyone older than sixteen at both:</u> 629 Rollingbrook Drive, Apt. 2114, Baytown, Texas, 77521 and 7272 Parker Ave., Olmito, Texas, 78575. Substitute service must be completed at both addresses to be considered perfected. Substitute service must be completed no later than July 2, 2021. Failure to complete substitute service by that date will result in the claims against Rebolledo being dismissed without prejudice for failure to timely effectuate service.

Dkt. No. 43 (emphasis added). Thus, the order authorizing substitute service clearly stated that a copy of the complaint and summons had to be left with someone older than sixteen years old at two different addresses.

On June 5, 2021, a copy of the complaint and summons was left attached to the front gate at the Olmito address. Dkt. No. 48. On June 30, 2021, a copy of the complaint and summons was attached to the door at the Baytown address. Dkt. No. 53. There is no indication in the record that the complaint and summons were left with anyone at either address.

On July 7, 2021, Rebolledo filed a motion to dismiss for failure to properly serve him. Dkt. No. 56. Rebolledo argues that Flores did not serve him in accordance with the Court's order. Id. In the alternative, Rebolledo argues that Flores has not stated a claim upon which relief can be granted as to the unlawful seizure/false arrest claim.

On August 6, 2021, Flores filed her response to the motion to dismiss. Dkt. No. 61. Flores argues that Rebolledo "erroneously claimed that the Court allowed Plaintiff to effect alternative service only by delivering the summons to a person over sixteen at two different addresses," even though the Court's order said exactly that. Id. Flores asserts that she properly served Rebolledo, but cites the language from her proposed order on substitute service (Dkt. No. 42-1), rather than from the Court's order (Dkt. No. 43). Id. Furthermore, Flores's response does not address the motion to dismiss the unlawful seizure claim, but

only focuses on the excessive force claim – a claim that Rebolledo has not sought to dismiss. Id.

On August 9, 2021, Rebolledo filed a reply brief. Dkt. No. 62.  In it, he reiterates that he was not properly served in accordance with the Court's order.

On August 11, 2021, the Court issued an order, giving Flores additional time to complete service on Rebolledo. Dkt. No. 63.  The Court found that while Rebolledo was not properly served, any dismissal would functionally serve as a dismissal with prejudice, given that the statute of limitations had expired. Id.  The Court found, based on the record at that time, that the facts did not meet the heightened standard for dismissal with prejudice. Id.  The order instructed Flores to serve Rebolledo in accordance with the Court's order authorizing substitute service no later than August 25, 2021. Id.  Flores was further ordered to file the returns of service on the Court's docket no later than September 8, 2021. Id.  The order noted that if Flores failed "to serve Rebolledo in precise accordance with the Court's order authorizing substitute service, the Court will consider the failure to be intentional." Id., p. 6.

Flores has not filed the returns of service showing that Rebolledo was served in accordance with the order authorizing substitute service.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979).  To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

**B. Rule 12(b)(5)**

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." Holly v. Metro. Transit Auth., 213 F. App'x 343, 344 (5th Cir. 2007).  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." Henderson v. Republic of Texas, 672 F. App'x 383, 384 (5th Cir. 2016) (citing Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992)).  "When service of process is challenged, the serving party bears the burden of proving ... good cause for failure to effect timely service." Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013) (ellipses original).  Good cause is the same showing "as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Id.

Normally, a dismissal for failure to properly serve is a dismissal without prejudice. FED. R. CIV. P. 4(m).  However, if the application of the statute of limitations will likely bar future litigation, then the dismissal would be considered with prejudice. Thrasher v. City of Amarillo, 709 F.3d 509, 512 (5th Cir. 2013).  Because dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." Id. at 512-513 (cleaned up).[2]  Even if there is a record of delay, dismissal still generally requires a finding

---

[2] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation

that the delay: "(1) was caused by the plaintiff himself, as opposed to by counsel; (2) resulted in actual prejudice to the defendants; or (3) was caused by intentional conduct." Lozano v. Bosdet, 693 F.3d 485, 490 (5th Cir. 2012).

### C. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

### III. Analysis

---

more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md. App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Brownback v. King, -- U.S. ---, 141 S. Ct. 740 (2021) (using "cleaned up").

The Court will first consider whether Flores has stated a claim of unlawful seizure/false arrest against Rebolledo before turning to whether dismissal is proper for failure to properly serve Rebolledo.

**A. Unlawful Seizure/False Arrest**

As an initial matter, Flores refers to this claim as an unlawful seizure claim. Dkt. No. 1.  Indeed, the claim appears to be a false arrest claim, alleging that the officers seized him without probable cause. Id.  In order to plead a claim for false or wrongful arrest, Flores must plead facts showing that Trevino was arrested without probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001).

There is a constitutional right to be free from the unreasonable seizure or arrest of one's person. Brower v. County of Inyo, 489 U.S. 593 (1989). The standard for deciding the reasonableness of an arrest under the Fourth Amendment is identical in both civil and criminal cases. Wooley v. City of Baton Rouge, 211 F.3d 913, 925 (5th Cir. 2000) (citing Soldal v. Cook, 506 U.S. 56 (1992)). For that reason, the Court will cite criminal and civil cases interchangeably.

A person is considered "seized," within the meaning of the Fourth Amendment, if "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." U.S. v. Mendenhall, 446 U.S. 544, 554 (1980). The Fifth Circuit has held that a police officer shooting at a fleeing suspect, causing them to stop fleeing, is considered a seizure under the Fourth Amendment. Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004).  When the officers shot at Trevino's vehicle and he stopped driving, then the termination of Trevino's "freedom of movement was accomplished by exactly the means [the officers] intentionally applied." Id.  Thus, Flores has pled facts showing that Trevino was seized for constitutionally purposes.

Flores must also plead facts showing that the seizure occurred without probable cause to believe that a crime had been committed.  This is where her claim fails.

Flores makes a point of stating that Trevino "had not been accused of committing a crime or doing anything illegal, had no criminal history [nor was he] … carrying a weapon," to demonstrate that there was no probable cause for arrest. Dkt. No. 1, p. 8.

8

However, even if the officers were not justified in initially trying to detain Trevino, when Trevino fled, he gave them probable cause to arrest him. Day v. State, 614 S.W.3d 121, 128 n. 31 (Tex. Crim. App. 2020).

Trevino led officers on a pursuit. Once the pursuit began, the officers had probable cause to arrest Trevino for evading arrest. TEX. PENAL CODE § 38.04(a) ("A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him."). Furthermore, even if the officers did not initially have a valid basis to arrest or detain him, they still had probable cause to arrest him for evading them. See Day, 614 S.W.3d at 128 n. 31 ("the evading arrest or detention statute allows prosecution even though the initial detention may have been unlawful or unreasonably prolonged"). "Fleeing is anything less than prompt compliance with an officer's direction to stop." Smith v. State, 483 S.W.3d 648, 653 (Tex. App. 2015) (cleaned up).

Accordingly, even if probable cause did not exist when the encounter began, Trevino supplied the officers with probable cause to believe that a crime had been committed. The motion to dismiss should be granted as to any claim of false arrest/unlawful imprisonment.[3]

Rebolledo has not sought dismissal of the excessive force claim on the merits, but has sought dismissal for failure to be properly served. Accordingly, the Court turns to that claim.

**B. Service**

Flores has the burden of establishing that she timely and properly served Rebolledo. She has failed to meet this burden.

"Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action

---

[3] The Court notes that, to the extent that Flores seeks to raise state civil claims to vindicate Trevino's rights under the Texas Constitution, those claims are legally frivolous. "[T]ort damages are not recoverable for violations of the Texas Constitution." Daniels v. City of Arlington, Tex., 246 F.3d 500, 507 (5th Cir. 2001).

brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Under Texas law, if service has been unsuccessfully tried at "the location of the defendant 's usual place of business or usual place of abode or other place where the defendant can probably be found," then the Court can authorize substitute service. Tex. R. Civ. P. 106(b).  The Court can authorize substitute service that permits the plaintiff to serve the defendant "by leaving a copy of the citation and of the petition with anyone older than sixteen at" a specified location. Tex. R. Civ. P. 106(b)(1).

The Court authorized service under Tex. R. Civ. P. 106(b)(1), specifically authorizing substitute service as follows:

> The Plaintiff may serve David Rebolledo by leaving a copy of the citation and of the petition <u>with anyone older than sixteen at both:</u> 629 Rollingbrook Drive, Apt. 2114, Baytown, Texas, 77521 and 7272 Parker Ave., Olmito, Texas, 78575. Substitute service must be completed at both addresses to be considered perfected. Substitute service must be completed no later than July 2, 2021. Failure to complete substitute service by that date will result in the claims against Rebolledo being dismissed without prejudice for failure to timely effectuate service.

Dkt. No. 43 (emphasis added). Thus, the order authorizing substitute service clearly stated that a copy of the complaint and summons had to be left with someone older than sixteen years old at two different addresses.

Under Texas law, "any deviation from the trial court's order" authorizing substitute service means that service was not properly executed. <u>De La Garza v. Dunn</u>, No. 03-19-00849-CV, 2021 WL 1202089, at \*5 (Tex. App. Mar. 31, 2021) (collecting cases).  Flores clearly deviated from the Court's order because she did not leave the citation and petition with someone older than sixteen at both addresses.  Flores left the citation and petition attached to the outside of each building, which was not authorized.  Because Flores did not engage in "strict compliance" with the Court's order, Rebolledo was not properly served under Texas law. <u>Becker v. Russell</u>, 765 S.W.2d 899, 900 (Tex. App. 1989).  Because Rebolledo was not properly served under Texas law, he was not properly served under Fed. R. Civ. P. 4(e). <u>See</u> <u>Taylor v. Alex. Brown & Sons Inc.</u>, No. 3:02-CV-0818-P, 2002 WL

31245369, at *3 (N.D. Tex. Oct. 2, 2002) ("If service of process was not executed in strict compliance with Texas state law, the [Federal] court cannot acquire proper jurisdiction over a defendant.").  Accordingly, Flores has not properly served Rebolledo.

A defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).  The complaint was filed on October 9, 2020, which was 350 days ago; more than 1,000 days have elapsed since the shooting took place.  Thus, timely service has not been effectuated.

As noted earlier, "[w]hen service of process is challenged, the serving party bears the burden of proving ... good cause for failure to effect timely service." Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013) (ellipses original).  That same case defines good cause as a showing "required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Id.

Flores has not shown good cause for failure to timely serve this defendant.  The Court authorized substitute service and her attorney failed to carefully read the order to see what manner of service was authorized.  Counsel's mistake does not suffice to establish good cause. Thrasher, 709 F.3d at 511.  Flores has failed to meet her burden to establish good cause for the failure to timely serve Rebolledo.

The statute of limitations, however, would almost certainly prevent Flores from refiling her claims against Rebolledo.  Indeed, there is a two-year statute of limitations for § 1983 claims filed in Texas. Whitt v. Stephens Cty., 529 F.3d 278, 282 (5th Cir. 2008).  The events underlying this case took place on December 7, 2018. Dkt. No. 1, p. 2.  The statute of limitations expired on December 7, 2020, so any dismissal without prejudice would functionally serve as a dismissal with prejudice.  Thus, the Court must determine whether the facts of this case meet the "heightened standard" that justifies a dismissal with prejudice. Thrasher, 709 F.3d at 513.

Under this heightened standard, the Court must either find a record of delay or contumacious conduct. Thrasher, 709 F.3d at 513.  The Fifth Circuit has held that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity." Millan v. USAA

Gen. Indem. Co., 546 F.3d 321, 326–27 (5th Cir. 2008).  The record indicates that this case was filed in October 2020. Dkt. No. 1.   In November 2020, Flores sought to serve Rebolledo six different times at three different addresses. Dkt. No. 42-2.  Flores then made no attempt to serve Rebolledo over the next six months, until the Court issued the show cause order in May 2021. Dkt. No. 40.  Flores then sought substitute service and attempted to serve Rebolledo again. Dkt. Nos. 42, 48, 53.  Given that a few months of inactivity does not suffice to establish delay, the Court cannot conclude that a record of delay is present in this case. Millan, 546 F.3d at 326–27; see also Lewis v. Sheriff's Dep't Bossier Par., 478 F. App'x 809, 818 (5th Cir. 2012) (describing a 10-month record of delay as "relatively short").

However, the record shows that the delays in serving Rebolledo arose from contumacious conduct.  Contumacious conduct is defined as "willful disobedience of a court order." Black's Law Dictionary (9th ed.2009).  In giving Flores one final chance to serve Rebolledo, the Court noted that the failure to properly effectuate service would be considered intentional. Dkt. No. 63.  This distinction matters.  "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating— that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 327 (5th Cir. 2008).  Given that Flores was warned that the failure to comply would be considered an intentional act, the Court can now say that the conduct has crossed the line from possibly negligent to fully intentional.  Flores's inaction shows a stubborn resistance to the Court's orders.

Additionally, Rebolledo has been potentially prejudiced by Flores's failure to timely serve him.  The statute of limitations expired in December 2020.  "Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims." Gartin v. Par Pharm.

Companies, Inc., 289 F. App'x 688, 694 (5th Cir. 2008).  Permitting endless extensions of service would potentially force Rebolledo to defend himself against a stale claim.

Furthermore, lesser sanctions have proven futile.  "Providing a plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which may justify dismissal if met with further default." In re Taxotere (Docetaxel) Prod. Liab. Litig., 837 F. App'x 267, 276 (5th Cir. 2020) (cleaned up) (citing Callip v. Harris Cnty. Child Welfare Dep't, 757 F.2d 1513, 1521 (5th Cir. 1985)).  In response to Flores's failure to timely serve Rebolledo, the Court has (1) issued a show cause order; (2) authorized substitute service and (3) issued a detailed order as to the deficiencies in Flores's attempted service of Rebelledo and given her another opportunity to correctly complete the service. Dkt. Nos. 40, 43, 63.

However, even given all of these facts, the Court recognizes that dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008) (quoting Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980)).  This is even more acute in this case where Rebolledo is one of two officers who are alleged to have shot at Trevino after he surrendered.  Accordingly, the dismissal of his claim should be conditional.  If Flores does not serve Rebolledo in accordance with the Court's order authorizing substitute service and file the completed returns of service by November 12, 2021, then the dismissal should become final.  At that point, the Court would have given Flores every possible opportunity to serve Rebolledo.

## IV. Recommendation

Accordingly, it is recommended that the motion to dismiss filed by David Rebolledo be granted. Dkt. No. 56.

The claims of unlawful seizure/false arrest and any claims for damages made pursuant to the Texas constitution should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The claim of excessive force should be conditionally dismissed with prejudice for failure to timely and properly serve Rebolledo.  If Flores does not serve Rebolledo in

accordance with the Court's order authorizing substitute service <u>and</u> file the completed returns of service by November 12, 2021, then the dismissal should become final.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings.  If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on September 24, 2021.

Ronald G. Morgan
United States Magistrate Judge