Case 1:20-cv-00169   Document 72   Filed on 09/27/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| APRIL M. FLORES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-169 |
| | § | |
| CITY OF SAN BENITO, TEXAS, et al., | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 9, 2020, April M. Flores, both in her capacity as the mother of Ricardo Trevino III and as the representative of his estate, filed suit in this Court. Dkt. No. 1. Trevino was killed in a police shooting after a vehicular chase. Flores sued San Benito Police Chief Michael Galvan and San Benito police officers David Rebolledo, Victor Espitia, Jose Santos, Oscar Lara, and Manuel Alvarez. Id. Additionally, Flores has sued Cameron County Constable Eddie Solis and deputy constables Jose Angel Villarreal and Carlos Cordova. Id. Flores raised claims of unlawful seizure/false arrest as well as excessive force against all of the officers. Flores also sued the City of San Benito and Cameron County on theories of municipal liability, for failure to train and supervise the officers. Id.

On August 27, 2021, Galvan filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), arguing that Flores has not stated a claim to relief against him as to unlawful seizure/false arrest. Dkt. No. 66.[1] Flores has filed a response. Dkt. No. 67.

After reviewing the record and the relevant caselaw, it is recommended that the motion for judgment on the pleadings filed by Galvan be granted in part and denied in part. The claim of unlawful seizure/false arrest and claim for damages pursuant to the Texas Constitution should be dismissed for failure to state a claim upon which relief can be granted. The motion for judgment on the pleadings should be granted in part and denied

---

[1] The claims against the other defendants have been addressed in previous Reports and Recommendations. Dkt. Nos. 41, 44, 57, 60, 69.

1

as to the claim for punitive damages. Any claims for punitive damages under Texas law should be dismissed, but any punitive damages claims made under § 1983 should go forward.

## I. Background

### A. Factual Background

On December 7, 2018, Ricardo Trevino III and his cousin were volunteering at Templo Bethesda Church in San Benito, Texas. Dkt. No. 1, p. 7. Trevino was still recovering from injuries suffered in a recent motor vehicle accident and purportedly took some Tylenol to relieve his pain. Id. His cousin witnessed Trevino taking the Tylenol and called the San Benito Police Department, for reasons that are not apparent from the complaint. Id.

Police officers Victor Espitia and Jose Santos were dispatched to the church to conduct a welfare check on Trevino, while Officer Oscar Lara arrived as backup. Dkt. No. 1, pp. 7-8. When the officers arrived, Trevino drove away from the church. Id. The complaint stated that Trevino "had not been accused of committing a crime or doing anything illegal, had no criminal history [nor was he] … carrying a weapon." Id. Espitia, Santos and Lara pursued Trevino's vehicle. At a later point, Officers David Rebolledo and Manuel Alvarez joined the pursuit. Id. No explanation is offered as to why they joined the pursuit. San Benito Police Chief Michael Galvan also joined the pursuit, even though he was off duty at the time. Id.

Cameron County Constable Pct. 5 Deputies Jose Angel Villarreal and Carlos Cordova heard about the chase and joined in the pursuit "even though they were many miles from the scene." Dkt. No. 1, p. 8. Constable Eddie Solis gave Villarreal and Cordova "permission to join the pursuit without conferring with [San Benito police]." Id.

Trevino drove his vehicle down Ranch Park Road, which is a cul-de-sac. Dkt. No. 1, p. 9. When he reached the end of the cul-de-sac, he turned the vehicle around and attempted to escape. Id. Rebolledo and Villareal had positioned their police vehicles facing each other in the road, so as to block Trevino's vehicle from being able to escape the cul-de-sac. Id.

Trevino "attempted to move out of the cul-de-sac through an opening between the vehicles." Dkt. No. 1, p. 9. Galvan moved his vehicle to block that opening, striking Trevino's vehicle. Id. As Trevino put his vehicle in reverse, police officers began shooting at him; Trevino's vehicle went into a ditch. Id. Officers continued to shoot at Trevino even after he put the car in park. Id. The complaint stated that officers continued to shoot even though Trevino "had fully retreated from all officers" and "had even raised up his hands." Id. Flores has pled that Rebolledo and Villarreal fired shots at Trevino even after he had retreated and raised his hands. Dkt. No. 52, p. 4.

The officers fired 31 total shots, striking Trevino 12 times in the "head, face and torso." Dkt. No. 1, p. 9. Trevino died from his injuries on that same date, December 7, 2018.

**B. Procedural Background**

As stated earlier, on October 9, 2020, April M. Flores, both in her capacity as Trevino's mother and as the representative of his estate, filed suit in this Court. Dkt. No. 1. Flores sued Galvan, Rebolledo, Espitia, Santos, Lara, Alvarez, Solis, Villarreal, and Cordova in their individual and official capacities. She also sued the City of San Benito and Cameron County on theories of municipal liability. Id.

As to the individual defendants, Flores claims that they used excessive force against Trevino and unlawfully seized him. Dkt. No. 1. As to the municipal defendants, Flores claims that both San Benito and Cameron County failed to adequately train their officers on proper use of force and proper tactics to use in vehicle pursuits. Id.

As to all defendants, Flores seeks punitive and exemplary damages. Dkt. No. 1, p. 23.

On August 27, 2021, Galvan filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). Dkt. No. 66. Galvan seeks dismissal of the unlawful seizure/false arrest claim, any claims for damages under the Texas Constitution and any claims for punitive damages. Id. Galvan did not seek dismissal of the excessive force claim. Id.

On September 7, 2021, Flores filed a response. Dkt. No. 67. Flores's response focused on the excessive force claim – which Galvan did not seek dismissal of – and did not address the claims that Galvan sought dismissal of. Id.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### B. Rule 12(c)

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is judged under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 313 n. 8 (5th Cir. 2002). Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of

New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

### III. Analysis

Galvan has sought dismissal of three claims made by Flores: (1) unlawful seizure/false arrest, (2) damages under the Texas Constitution and (3) punitive damages.

**A. Unlawful Seizure/False Arrest**

As an initial matter, Flores refers to this claim as an unlawful seizure claim. Dkt. No. 1. Indeed, the claim appears to be a false arrest claim, alleging that the officers seized him without probable cause. Id. In order to plead a claim for false or wrongful arrest, Flores must plead facts showing that Trevino was arrested without probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001).

There is a constitutional right to be free from the unreasonable seizure or arrest of one's person. Brower v. County of Inyo, 489 U.S. 593 (1989). The standard for deciding the reasonableness of an arrest under the Fourth Amendment is identical in both civil and

criminal cases. Wooley v. City of Baton Rouge, 211 F.3d 913, 925 (5th Cir. 2000) (citing Soldal v. Cook, 506 U.S. 56 (1992)). For that reason, the Court will cite criminal and civil cases interchangeably.

A person is considered "seized," within the meaning of the Fourth Amendment, if "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." U.S. v. Mendenhall, 446 U.S. 544, 554 (1980). The Fifth Circuit has held that a police officer shooting at a fleeing suspect, causing them to stop fleeing, is considered a seizure under the Fourth Amendment. Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004). When the officers shot at Trevino's vehicle and he stopped driving, then the termination of Trevino's "freedom of movement was accomplished by exactly the means [the officers] intentionally applied." Id. Thus, Flores has pled facts showing that Trevino was seized for constitutionally purposes.

Flores must also plead facts showing that the seizure occurred without probable cause to believe that a crime had been committed. This is where her claim fails.

Flores makes a point of stating that Trevino "had not been accused of committing a crime or doing anything illegal, had no criminal history [nor was he] … carrying a weapon," to demonstrate that there was no probable cause for arrest. Dkt. No. 1, p. 8. However, even if the officers were not justified in initially trying to detain Trevino, when Trevino fled, he gave them probable cause to arrest him. Day v. State, 614 S.W.3d 121, 128 n. 31 (Tex. Crim. App. 2020).

Trevino led officers on a pursuit. Once the pursuit began, the officers had probable cause to arrest Trevino for evading arrest. TEX. PENAL CODE § 38.04(a) ("A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him."). Furthermore, even if the officers did not initially have a valid basis to arrest or detain him, they still had probable cause to arrest him for evading them. See Day, 614 S.W.3d at 128 n. 31 ("the evading arrest or detention statute allows prosecution even though the initial detention may have been unlawful or unreasonably prolonged"). "Fleeing is anything less than prompt

compliance with an officer's direction to stop." Smith v. State, 483 S.W.3d 648, 653 (Tex. App. 2015) (cleaned up).

Accordingly, even if probable cause did not exist when the encounter began, Trevino supplied the officers with probable cause to believe that a crime had been committed. The motion to dismiss should be granted as to any claim of false arrest/unlawful imprisonment.

### B. Texas Constitution

Flores makes a reference to suing to vindicate Trevino's rights under the Texas Constitution. Dkt. No. 1, p. 20. to the extent that Flores seeks to raise state civil claims to vindicate Trevino's rights under the Texas Constitution, those claims are legally frivolous. "[T]ort damages are not recoverable for violations of the Texas Constitution." Daniels v. City of Arlington, Tex., 246 F.3d 500, 507 (5th Cir. 2001). This claim should be dismissed.

### C. Punitive Damages

To the extent that Flores seeks punitive damages under Texas law, such claims are barred. "[P]arents of the deceased, while they are entitled to maintain an action under the Wrongful Death statute, are not included in [Texas Constitution] article XVI, § 26 and are therefore unable to recover punitive damages." Gen. Chem. Corp. v. De La Lastra, 852 S.W.2d 916, 923 (Tex. 1993). Thus, the motion to dismiss should be granted to the extent that it is raised under Texas law.

However, punitive damages are permitted under § 1983 in certain circumstances. They may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Heaney v. Roberts, 846 F.3d 795, 803 (5th Cir. 2017). At this stage of the proceedings, the Court will not judge whether Galvan's conduct meets this standard. The motion to dismiss should be denied, to the extent that the claim to punitive damages is raised under § 1983.

### IV. Recommendation

Accordingly, it is recommended that the motion for judgment on the pleadings by Michael Galvan be granted in part and denied in part. Dkt. No. 66.

The motion should be granted as to any claims of (1) unlawful seizure; (2) false arrest; (3) any civil rights claims made pursuant to the Texas Constitution; (4) any claims for punitive damages under Texas law.  All of these claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

On the other hand, the motion should be denied as to any claims for punitive damages made pursuant to 42 U.S.C. § 1983.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on September 27, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge