Case 1:20-cv-00169 Document 78 Filed on 10/20/21 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| APRIL M. FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-169 |
| | § | |
| THE CITY OF SAN BENITO, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER[1]

Plaintiff April M. Flores, as mother of Ricardo Trevino III and as the representative of his estate, filed this lawsuit after police officers fatally shot Trevino following a vehicular chase. Flores sued numerous law enforcement officers for unlawful seizure and use of excessive force, and the City of San Benito and Cameron County for failure to train and supervise the officers.

In July 2021, Defendant David Rebolledo moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6), arguing that he was not properly served and that Flores has not stated a claim of relief against him as to unlawful seizure/false arrest. (Motion, Doc. 56)

On September 24, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that the Motion to Dismiss be granted. (Doc. 69) Specifically, the Report and Recommendation concludes that the claim of unlawful seizure/false arrest and any claims for damages made pursuant to the Texas Constitution should be dismissed with prejudice for failure to state a claim upon which relief can be granted. (*Id.* at 9) In addition, the Magistrate Judge recommends that the claim of excessive force be conditionally dismissed with prejudice for failure to properly serve Rebolledo, and that the dismissal become final if Flores fails to effectuate proper service per the Court's instructions and file the complete returns of service by November 12, 2021. (*Id.* at 13)

---

[1] This Order amends and supersedes the Court's Order issued on October 18, 2021 (Doc. 77).

Rebolledo objected to the recommendation that Flores's claim of excessive force be conditionally dismissed, rather than be dismissed immediately. (Request for Immediate Dismissal, Doc. 73) As a result, the Court conducts a *de novo* review of the issue to which Rebolledo objects. As to the remaining recommendations, the Court finds no clear error.

Rebolledo argues that dismissal of Flores's excessive-force claim should be immediate because she has had multiple opportunities to perfect service, and her conduct reflects "a clear record of delay or contumacious conduct" for which lesser sanctions other than immediate dismissal of her claims would not serve the best interests of justice. (Request for Immediate Dismissal, Doc. 73, ¶ 3.04) In addition, she notes that under Federal Rule of Civil Procedure 4(m), dismissal should be without prejudice. (*Id.* at ¶ 3.04, n.2)

The Court agrees on both matters and sustains the limited objection.

When a plaintiff fails to perfect service within 90 days after filing a complaint, a federal court must either dismiss the action or order that the plaintiff perfect service within a specified time period. FED. R. CIV. P. 4(m). If the plaintiff shows good cause for failing to perfect service within 90 days of filing the complaint, the court cannot dismiss the action at that moment, but "must extend the time for service for an appropriate period". *Id.*; *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In effect, dismissal of an action can occur only after a court finds that the plaintiff has not demonstrated good cause for failing to perfect service within 90 days after filing a complaint, or that the plaintiff has failed to perfect service within an extended time period. In either instance, Rule 4(m) authorizes only dismissal without prejudice.[2]

In some instances, a plaintiff's failure to timely perfect service means that dismissal without prejudice under Rule 4(m) effectively precludes the plaintiff from pursuing her claims.

---

[2] Some district courts rely on both Rule 4(m) and Federal Rule of Civil Procedure 41(b) to dismiss an action with prejudice for failure to perfect service and for failure to prosecute. *See, e.g., Thomas v. Gulotta*, No. CV 15-00435-JWD—RLB, 2018 WL 2750230, *3 (M.D. La. June 7, 2018) ("It is further ordered, that Plaintiff's claims against the Unknown Defendants are hereby dismissed with prejudice for failure to prosecute under Fed. R. Civ. P. Rule 41(b) due to his failure to effectuate timely service against them pursuant to Fed. R. Civ. P. Rule 4(m)."). In the present case, the Motion and the Report and Recommendation rely solely on Rule 4(m). As a result, the Court will not consider whether dismissal with prejudice would be appropriate under Rule 41(b).

This situation occurs when the statute of limitations has expired on the plaintiff's causes of action, presenting a legal barrier to a plaintiff who refiles her claims after a court has dismissed them without prejudice. In these circumstances, the court, when determining whether to dismiss a lawsuit under Rule 4(m), applies the higher standard applicable to dismissals with prejudice under Federal Rule of Civil Procedure 41(b). *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). This standard recognizes that dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim" and, as a result, such dismissal "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013); *see also Millan*, 546 F.3d at 326. In addition, such dismissal typically requires the existence of at least one aggravating factor, including delay caused by intentional conduct. *Thrasher*, 709 F.3d at 512–513. If the plaintiff's conduct meets this higher threshold, the court can dismiss the claims under Rule 4(m), rather than continue to extend the time period to perfect service, even if the dismissal will effectively bar the plaintiff from pursuing her claims by re-filing the lawsuit at a later point. The dismissal is without prejudice, as Rule 4(m) authorizes, but the impact is dismissal with prejudice because of the bar that the statute of limitations presents.

      In the current matter, the record meets the higher standard to warrant the immediate dismissal of Flores's claim for excessive force. The Report and Recommendation recounts the multiple opportunities that Flores enjoyed to perfect service, and her failure to do so. In addition, Flores filed no objections to the Report and Recommendation, further demonstrating her complete abandonment of her lawsuit. Her conduct also leads the Court to conclude that her failure to perfect service amounts to intentional conduct. As a result, while dismissal of her cause of action for excessive force will effectively bar her from relitigating the claim in the future, her own conduct satisfies the higher standard supporting dismissal under Rule 4(m).

The Court **ADOPTS** the Report and Recommendation (Doc. 69), with the exception noted in this Amended Order as to the sustained objection. Accordingly, it is:

**ORDERED** that Defendant David Rebolledo's Motion to Dismiss (Doc. 56) is **GRANTED**;

**ORDERED** that Plaintiff April M. Flores's claims against Defendant David Rebolledo for unlawful seizure/false arrest and for damages pursuant to the Texas Constitution are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted; and

**ORDERED** that Plaintiff April M. Flores's claim against Defendant David Rebolledo for excessive force is **DISMISSED WITHOUT PREJUDICE** for failure to timely and properly serve Defendant David Rebolledo.

All other relief requested in Defendant David Rebolledo's Motion to Dismiss (Doc. 56) not expressly granted in this Order or in previous Orders of the Court is **DENIED.**

Signed on October 20, 2021.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge